UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIS FOSTER,

        Petitioner,

v.                                Case No:  2:12-cv-128-FtM-38CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.

_____/

## OPINION AND ORDER[1]

    Petitioner Willis Foster (hereinafter "Petitioner," "Defendant," or "Foster") initiated this action proceeding *pro se* by filing a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 1, 2012[2] challenging his judgment of conviction in case number 05-cf-2646 entered in the Twentieth Judicial Circuit in Collier County, Florida.[3] Petitioner was convicted of: (1) aggravated battery with a deadly weapon (firearm); (2)

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[3] Respondent does not contest the Petition's timeliness pursuant to § 2244(d). Response at 7.

attempted second-degree murder with a firearm causing great bodily harm; and (3) possession of cocaine.   Id. at 2.   As a result of the conviction, Petitioner is serving two, concurrent life sentences.   Id. at 1.

The petition raises the following five grounds of ineffective assistance of trial counsel: (1) counsel was ineffective for failing to file a motion to suppress the stop; (2) counsel was ineffective for failing to object to a denial of Petitioner's right to counsel during the gunshot residue test; (3) counsel was ineffective for failing to object to the trial court providing a partial jury instruction; (4) counsel was ineffective for failing to object to the trial court's refusal to allow Petitioner to represent himself during the sentencing stage of the proceedings; and, (5) counsel was ineffective for failing to object to officer Craig's "opinion testimony."   Respondent[4] filed a response (Doc. #8, Response) opposing the relief requested in the Petition.   Respondent attached supporting exhibits (Doc. #10, Exhs. 1-15) consisting of pertinent trial transcripts and postconviction records.   Petitioner filed a reply (Doc. #13, Reply).   This matter is ripe for review.

## I.   Applicable § 2254 Law

### A.   Deferential Review Required By AEDPA

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   See

---

[4]Petitioner names two Respondents (the Secretary of the Florida Department of Corrections and the Florida Attorney General).   Petition at 1.   Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."   The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."   Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).   In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).   Consequently, post-AEDPA law governs this action.   Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   White v. Woodall, 134 S.Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.   Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.   White, 134 S.Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."   Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406).   The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable."   Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155.   Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   White, 134 S.Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]"   Miller–El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum).   When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see e.g. Burt v. Titlow, 134 S.Ct. 10,

15-16 (2013); <u>Miller–El</u>, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### B.   Exhaustion and Procedural Default

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" <u>Walker v. Martin</u>, ____ U.S. ____, 131 S.Ct. 1120, 1127 (2011)(quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991)).   This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.   <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005).   "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.   That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.   A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983).   A state law claim that "is merely similar to

the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland." Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a

substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.   Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.   House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).   Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).   Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.   Newland, 527 F.3d at 1184.   In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   Strickland, 466 U.S. at 688; see also Bobby v. Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.   A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.   "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Mendoza v. Sec'y, Fla. Dep't of Corr., _____ F.3d _____, 2014 WL 3747685 (11th Cir. July 31, 2014)(quoting Richter, 131 S.Ct. at 788). "Where the highly deferential standards mandated by Strickland and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quoting Downs v. Sec'y, Fla. Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013)).   "The

question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (citing Knowles, 556 U.S. at 123). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state court decision denying the claim. Id. (citing Richter, 131 S.Ct. at 788).

## II.   Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

In **ground one**, Petitioner states:

> Whether trial counsel was ineffective when failing to file a motion to suppress based on lack of probable cause for arrest/continued detention and failure to make proper argument regarding intrusiveness and scope of detention of police actions.

Petition at 6. The Petition contains no other argument or facts supporting this claim. Id. In Response, Respondent refers the Court to the postconviction court's order denying Petitioner relief on this claim and argues the decision was not contrary to or an unreasonable application of Strickland. Response at 13. Additionally, Respondent argues that the decision was not an unreasonable application of the facts in light of the evidence. Id. at 14.

Petitioner raised this claim in his Rule 3.850 motion as ground one.   The focus of ground one in Petitioner's Rule 3.850 motion was that the witnesses could only identify the shooter's vehicle and no one specifically saw Petitioner shoot the victim.   <u>See</u> Exh. 7.   Petitioner also argued that the stop amounted to more than a <u>Terry</u>[5] investigative stop.   The postconviction court denied Petitioner relief finding as follows:

> [T]he Defendant asserts that his counsel was ineffective for failing to file a motion to suppress regarding his detention by police.  The Defendant contends that he was unreasonably detained by the police.   The testimony of Amelia Wells states that she saw the Defendant shoot the victim, followed the Defendant as he drove off, and gave the police a description of the Defendant's vehicle to police [sic].   (Attached hereto is a copy of the State's Exhibit C, Transcript, pgs. 109-129).  The police then stopped the Defendant in the same vehicle described by Ms. Wells shortly thereafter.   This is far more evidence than needed to support an investigative stop of the Defendant under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), when only reasonable suspicion is required.   Considering that the informant was not anonymous, and the short time line of events, Counsel cannot be deficient for not filing a motion to suppress.

Exh. 11 at 2.   The appellate court *per curiam* affirmed the postconviction court's decision.   Exh. 14.

In his Reply, Petitioner asserts that the State court's decision was an unreasonable determination of the facts based on the evidence presented.   Reply at 4-9.   Specifically, Petitioner contends that Amelia Wells lied during her testimony because she was not present at the scene and therefore did not witness the shooting incident, among other things.   <u>Id.</u>   Notably, Petitioner's arguments contained in the Reply were not presented in the Petition and therefore did not provide Respondent the opportunity to respond.   It

---

[5]<u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

is well established that arguments raised for the first time in a reply are improper.   Herring v. Secretary, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005)(citations omitted).

Nevertheless, even considering Petitioner's arguments raised in his Reply, the allegations that Amelia Wells was not present at the scene was not a factual allegation raised in Petitioner's Rule 3.850 motion.   See Exh. 7 at 5.   To the contrary, Petitioner acknowledged in his Rule 3.850 motion that Amelia Wells was present.   Id.   ("After this encounter, Foster left the scene and Wells' [the victim] sister and his wife [Ameilia Wells] came to the scene to check on [victim] Wells.   At this point, it is alleged that Foster returned to the scene after approximately 10 minutes.").   "[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."   Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007)(citing Footman v. Singletary, 978 F.2ds 1207, 1211 (11th Cir. 1992)).   In order to exhaust the claim, Petitioner had to present the instance of ineffective assistance of counsel that he now asserts in the federal petition "such that a reasonable reader would understand **each claim's particular legal and specific factual foundation**."   Ogle, 488 F.3d at 1368 (emphasis added)(citing McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).   Thus, Petitioner failed to exhaust this argument in the State courts and would now be procedurally defaulted under Florida law from raising such an argument. See Fla. R. Crim. P. 3.850(b) (requiring the motion be filed within two years after the judgment and sentence becomes final); Whiddon v. Dugger, 894 F.2d 1266, 1267-68 (11th Cir. 1990)(recognizing failure to file within the two-year deadline procedurally bars petitioner from bringing a federal habeas claim).   And, Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome this procedural bar

considering Petitioner allegations in his Rule 3.850 motion had Amelia Wells present at the scene when the shooting took place.

With respect to Petitioner's general claim that counsel rendered ineffective assistance for not moving to suppress the stop, which is exhausted, the State court's order denying Petitioner relief on this claim was not contrary to or an unreasonable application of Strickland. Nor has Petitioner shown that the State court's decision involved an unreasonable interpretation of the facts based upon the evidence presented. The postconviction court explained that trial testimony from Amelia Wells established that she followed the shooter's vehicle, called law enforcement, identified herself, and gave a description of the vehicle to police (Black, Cadillac Escalade SUV with the rear gate open). When police arrived to Mrs. Wells' location, she told them where she saw Petitioner's vehicle go, considering she had followed the vehicle after the shooting. Shortly thereafter, police stopped Petitioner's vehicle that matched Mrs. Wells' description exactly. See United States v. McCall, 563 F. App'x 696, 700 (11th Cir. 2014) (unpublished) (recognizing that the discovery of a vehicle matching the description of the stolen vehicle in the area near the site and within minutes of the robbery was sufficient to make a traffic stop). The officers need not have observed a traffic violation or suspicious behavior by the occupants of the vehicle before conducting a traffic stop. Id. (citing United States v. Aldridge, 719 F.2d 368, 371 (11th Cir. 1983); Adams v. Williams, 407 US. 143, 147 (1972) ("reject[ing] [the] argument that reasonable cause and a stop and frisk can only be based on the officer's personal observation, than on information supplied by another person."). Counsel cannot be deemed deficient for failing to raise a meritless matter. Freeman v. Atty. Gen., 536 F.3d 1225, 1233 (11th Cir. 2008)(citing

Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001)).   Further, Petitioner has not shown how the alleged deficiency amounted to prejudice in his case considering Petitioner claims no evidence was seized as a result of the search.   See Reply at 5. Consequently, to the extent Ground One is exhausted, the ground is denied.

In **ground two** Petitioner states:

> Whether trial counsel was ineffective when he failed to object to denial of [Petitioner's] right to counsel during gunshot residue test by police.

Petition at 6.

In Response, Respondent notes that Petitioner raised this claim in his Florida Rule of Criminal Procedure 3.850 motion as ground four.   Response at 14.   Respondent maintains that the State court's decision was not contrary to or an unreasonable application of Strickland.   Id. at 14-15.   Respondent further assets that the decision was not an unreasonable application of the facts in light of the evidence presented.   Id. at 15.

The postconviction court denied Petitioner relief on this claim, finding as follows:

> [T]he Defendant argues that his counsel was ineffective for failing to file a motion to suppress the results of the gunshot residue test on grounds that the Defendant was entitled to counsel, pursuant to the Sixth Amendment of the United States Constitution, prior to the test being conducted.   While a defendant is entitled to an attorney at any critical stage in the proceedings against him, proceedings do not commence for Sixth Amendment purposes until an information or indictment is filed against him.   Anderson v. State, 420 So. 2d 574 (Fla. 1982) (citing Brewer v. Williams, 430 U.S. 387 (1977)).   The gunshot residue test was conducted on the day the Defendant was arrested, August 17, 2005. However, formal proceedings did not commence against the Defendant until the information was filed on September 15, 2005. Therefore, the Defendant's trial counsel would not have had a valid basis for filing a motion to suppress.   The Defendant failed to demonstrate deficient performance and prejudice, and therefore, this claim is denied.

Exh. 11 at 3.   The appellate court *per curiam* affirmed the postconviction court's decision. Exh. 14.

The State court's order denying Petitioner relief on this claim was not contrary to or an unreasonable application of <u>Strickland</u>.   Nor has Petitioner shown that the State court's decision involved an unreasonable interpretation of the facts based upon the evidence presented.   Similar to ground one, <u>supra</u> p. 9, the Petition does not contain any additional facts or argument supporting Ground Two.   Instead, Petitioner raises additional facts and argument improperly in his Reply, which should not be considered. <u>Supra</u> at 9.

Even if the Court considered Petitioner's arguments improperly contained in his Reply, Ground Two must be denied.   The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense."   U.S. Const. Amend. VI.   As the amendment states, the right to counsel is guaranteed in all "criminal prosecutions," which the Supreme Court has made clear do not commence until "at or after the initiation of adversary judicial criminal proceedings— whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."   <u>Texas v. Cobb</u>, 532 U.S. 162, 167-68 (2001).   In other words, as the postconviction court reasonably held, the right to counsel ordinarily does not arise until there is a formal commitment by the government to prosecute.   <u>United States v. Gouveia</u>, 467 U.S. 180, 189 (1984) (quoting <u>Kirby v. Illinois</u>, 406 U.S. 682, 689 (1972)). Accordingly, Petitioner was not entitled to the assistance of counsel when the gunshot residue test was conducted, which was prior to any formal commitment by the

government to prosecute Petitioner.   Accordingly, Petitioner is denied relief on Ground Two.

In **ground three**, Petitioner states:

> Whether trial counsel was prejudicially ineffective for failing to object to trial judge giving a partial jury instruction inside the jury room during deliberation and, for failing to assure that court reporter was present to transcribe that proceeding denying Petitioner's constitutional right to be present during pertinent time as well as to have record made of said proceeding.

Petition at 6.

Respondent notes that the claim was raised on direct appeal and rejected. Response at 15.   Further, Respondent refers the Court to the postconviction court's order denying Petitioner's claim in his Rule 3.850 motion.   <u>Id.</u>   Respondent maintains that the State court's decision was not contrary to or an unreasonable application of <u>Strickland</u>.   <u>Id.</u> at 15-16.   Nor was the decision an unreasonable application of the facts in light of the evidence presented.   <u>Id.</u>

A review of the record reveals that Petitioner raised this claim on direct appeal as one of reversible trial court error and in his 3.850 motion as ineffective assistance of counsel.   Upon reviewing the trial court error claim, the appellate court issued a written order affirming the judgment and conviction, finding any error resulting from the trial judge entering the jury room to answer the question was harmless:

> During deliberations, the jury sent a note to the trial court.   In turn, the trial court discussed the handling of the note with the prosecutor, defense counsel, and Foster.   After this discussion, the trial court instructed the jury in the deliberation room, rather than in open court.   Although the prosecutor and defense counsel were present in the deliberation room when the jury was instructed, Foster was not present.   Instructing the jury in this manner was fraught with peril.   Issues that arise from utilizing such a procedure can be avoided by

> returning the jury to the courtroom and instructing the jury in the presence of the prosecutor, defense counsel, and the defendant.   Nonetheless, in this case any error that resulted was harmless.   See e.g. Meek v. State, 487 So.2d 1058 (Fla. 1986).

Exh. 5.   Petitioner then raised this claim as ground six in his Rule 3.850 motion as an ineffective assistance of counsel claim.   Contrary to Respondent's argument that the postconviction court's decision addressed the ground applying Strickland, the postconviction court found the claim was procedurally defaulted:

> [T]he Defendant argues that his counsel was ineffective for failing to object to the Judge answering a question asked by the jury in the jury room.   As stated in the State's response, this issue was raised on direct appeal and specifically rejected by the Second District Court of Appeal, and therefore, it is procedurally barred.   Shere v. State, 742 So. 2d 215 (Fla. 1999).

Exh. 11 at 3.

As set forth above, Petitioner raised an ineffective assistance of counsel claim, but the postconviction court found the claim procedurally defaulted citing Shere v. State. Ordinarily a procedural default ruling would be the end of review for the federal court. "However a state court's rejection of a federal constitutional claim on procedural grounds will only prelude federal review if the state procedural ruling rests upon 'independent and adequate' state ground.'"   Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)(citations omitted).   The Eleventh Circuit has established a three-part test to determine when the state court's procedural ruling constitutes an independent and adequate state rule of decision.

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim.   Secondly, the state court's decision must rest solidly on state law grounds, and may not be

'intertwined with an interpretation of federal law.'   Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied in an arbitrary or unprecedented fashion.   The state court's procedural rule cannot be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F. 3d at 1314 (citations omitted).

Here, the postconviction court's procedural ruling was not adequate because the claim raised on direct appeal was one of trial court error, not ineffective assistance of counsel.   Nor does Shere, the case the postconviction court cites, stand for the proposition that a claim of trial court error raised on direct appeal procedurally bars a subsequent ineffective assistance of counsel arising from the same facts contained in a Rule 3.850 motion.   See Shere v. State, 742 So. 2d 215 (Fla. 1999).

Nevertheless, a review of the record reveals no legitimate Strickland claim. During deliberations the jury sent a note to the court asking for booking sheets.   Exh. 2, Vol. 2 at 545.

THE COURT:   Be seated, please.   Let's go on the record for just a minute. [Defense counsel], [The State], we have a note from the jurors.

I think there's a solution that's very simple and let the record reflect [Appellant] is here: "Arrest booking sheets officer was reading from in the jail."

They have all the evidence, there's nothing left.   So if – I'd like you-all to walk back with me and say—without coming all the way out here and telling this thing, we could walk – hold on, sir, that all the evidence is already in and all the exhibits are in and that's it.

[Defense counsel], otherwise, I can bring them out here and we can—

[The State]:   No, that's fine.

> THE COURT:   [Defense counsel], you want to walk back with
> me too?   And that's all I'm going to do is just say, Ladies and
> Gentlemen, all the evidence is here and all the – you've heard
> everything and got everything and you've' got everything and
> close the door.   And then if there is another question, we'll
> see.
>
> All right.   We'll be in recess to go do that.   I'd ask the
> attorneys to come with me.   This is the note, I'm giving to Lisa
> to file.   State and Defense, she's putting it in the file.   You-
> all are welcome to look at it one line and one word or two
> words.

Ex. 2, Vol. 2 at 545-546.   Assuming *arguendo* that defense counsel's failure to recognize a problem posed by leaving Petitioner in the courtroom, while defense counsel, the prosecutor, and the trial judge went to the jury room to tell the jury that they had in their possession all the evidence already, Petitioner cannot show prejudice as a result therefrom.   The record evidences that everyone knew the basis of the jury's question. And, defense counsel was present when the trial judge answered the jury's question. Accordingly, Petitioner is denied relief on ground three.

In **ground four**, Petitioner states:

> Whether trial counsel was ineffective when he failed to object
> [to] the [trial] court's refusal [to] allow[] [Petitioner] to exercise
> his right to self-representation.

Petition at 7.

In Response, Respondent notes that Petitioner raised this claim in his Rule 3.850 motion as ground five and the claim was deemed procedurally barred.   Response at 16.   Respondent maintains that the State court's decision was not contrary to or an unreasonable application of United States Supreme Court law.   Id. at 14-15.   And, Respondent also asserts that the decision was not an unreasonable application of the facts in light of the evidence presented.   Id.

A review of the record reveals that the post-conviction court determined that Petitioner's ineffective assistance of counsel claim was really a trial court error claim that should have been raised on direct appeal, but was not. In pertinent part, the postconviction court ruled:

> [I]t appears that the Defendant is claiming that the Trial Court should have conducted an inquiry pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975), at the Defendant's sentencing hearing to determine if the Defendant wished to represent himself. This claim is procedurally barred because it should have been raised on direct appeal. <u>Hix v. State</u>, 881 So.2d 586 (Fla. 5th DCA 2004).

Exh. 11 at 3. The appellate court *per curiam* affirmed. Exh. 14.

The Court agrees with Respondent that this claim was not properly exhausted and is now procedurally defaulted. Here, the postconviction court found this claim was really a claim of trial court error couched in terms of ineffective assistance of counsel and was therefore procedurally defaulted because it was not raised on direct appeal. "Where the state court correctly applies a procedural default principle of state law," federal courts must abide by the state court's decision. <u>Harmon v. Barton</u>, 894 F.2d 1268, 1270 (11th Cir.), <u>cert. denied</u>, 498 U.S. 832 (1990). As discussed <u>supra</u>, claims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts. <u>Tower v. Phillips</u>, 7 F.3d 206, 210 (11th Cir. 1993). Under Florida law, claims that should have been brought on direct appeal but were not are noncognizable claims through collateral attack. <u>Caniff v. Moore</u>, 269 F.3d 1245, 1246 (11th Cir. 2001) (citing <u>Hall v. State</u>, 742 So.2d 452, 454 (Fla. 1993)). The postconviction court properly construed this claim as one of trial court error over ineffective assistance of counsel. Petitioner has not overcome this procedural default by showing cause, prejudice, or a fundamental

miscarriage of justice.   Accordingly, Ground Four is dismissed as unexhausted and procedurally defaulted.

In **ground five**, Petitioner states:

> Whether trial counsel was ineffective for failing to object to officer Craig's opinion testimony that holes in car window were bullet holes possibly from [a] gun allegedly fired by Petitioner.

Petition at 7.

In Response, Respondent notes that Petitioner raised this claim in his Rule 3.850 motion as ground three and was denied relief.   Response at 17.   Respondent maintains that the State court's decision was not contrary to or an unreasonable application of Strickland.   Id. at 17-18.   And, Respondent asserts that the decision was not an unreasonable application of the facts in light of the evidence presented.   Id.

A review of the record reveals that the postconviction court denied Petitioner relief on this claim, finding it was refuted by the record:

> [T]he Defendant alleges that his counsel was ineffective for failing to object to the testimony of Alicia Craig on the grounds that she was not qualified as an expert witness.   This claim is refuted by the record.   Ms. Craig's credentials, training, and experience were sufficient to qualify her as an expert witness. (Attached hereto is a copy of the State's Exhibit C, Transcript, pgs. 133-4).   It is not necessary for the Court to explicitly declare that a witness is an expert for a later day court to make that finding.   Tengbergen v. State, 9 So. 3d 729 (Fla. 4th DCA 2009)(direct appeal).

Exh. 11 at 2.   The appellate court *per curiam* affirmed the postconviction court's decision. Exh. 14.

The State courts' orders denying Petitioner relief on this claim was not contrary to or an unreasonable application of Strickland.   Nor has Petitioner shown that the State courts' decisions involved an unreasonable interpretation of the facts based upon the

evidence presented.   The postconviction court noted that the officer's credentials properly qualified her as an expert.   The record in this case evidences that any objection from defense counsel would have been futile or meritless.   Freeman, 536 F.3d at 1233 (11th Cir. 2008)(citing Chandler, 240 F.3d at 917).   Accordingly, Petitioner is denied relief on Ground Five.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Florida Attorney General is **DISMISSED** as a named Respondent.

2.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.   Ground One is dismissed in part as procedurally defaulted and otherwise denied on the merits. Ground Four is dismissed as procedurally defaulted.   Grounds Two, Three, and Five are denied.

3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v.

Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted).   Petitioner has not made the requisite showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE and ORDERED in Fort Myers, Florida on this 9th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record